IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESH MAHARAJ, | No. 2:13-CV-1915-TLN-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| FRED FOULK, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 11).

The court agrees with respondent that the instant petition is untimely. Petitioner was convicted of multiple counts of lewd and lascivious conduct with a child under the age of 14. He was sentenced to a determinate term of 33 years and 4 months, plus an indeterminate term of 45 years to life. Petitioner's conviction and sentence were affirmed on direct appeal on March 23, 2012, and the California Supreme Court denied review on June 13, 2012. Petitioner did not file any state post-conviction actions.

/ / /

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2).

Here, because petitioner did not seek certiorari in the United States Supreme Court, the one-year limitations period began to run on September 12, 2012 – the day after expiration of the 90-day period to seek certiorari. Because petitioner did not file any state post-conviction actions, the one-year limitations period is not tolled and expired on September 11, 2013. The instant petition, filed by counsel[1] on September 13, 2013, is untimely by two days and must be dismissed.

///
///
///
///

---

[1] Because petitioner is not proceeding pro se, the prisoner "Mailbox Rule" does not apply.

1        Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 11) be granted.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2014

                                           _____
                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE